Gkeen, J.
delivered the opinion of the court.
This action was brought to recover the value of improvements made upon the defendant’s land. The defendant had *478 the older and belter title, and-had recovered the land in an action of ejectment from the plaintiff, and also recovered $112, f01, rents and profits of the same land.
The plaintiff had notice of the defendant’s better title before he made the improvements for which this suit is brought.
The judge charged the jury, that the statutes allowing pay for improvements to those who are turned out of possession by an action of ejectment, are unconstitutional.
The subject of the constitutionality of these acts of assembly, has been several times before this court, and although they have been commented on very much at length, yet a definite and satisfactory adjudication..has not been made. To say that the act of 1805, c 42, shall be construed according to its literal import, and to give it effect to the whole extent that the- legislature seem to have intended, would doubtless, be to impair the obligation of the contract which the State makes with every grantee of land. If a party who is in possession of another man’s land, under an entry which may have cost him but a few cents, can make whatever improvements he may choose, notwithstanding he may know of the existence of the better title, and when turned out by an ejectment, may recover for the value of all such improvements, it is easy to' see that he may in this way often become owner of the land, as a compensation for his tresspass upon it; and although the legislature may not directly deprive the true owner of his land, and give it to another, yet in this way they may do the same thing indirectly.
It is not, however, now contended, that this extended operation can be given to these acts, but that the legislature had the power to give the party an action at law for so much as he could before have obtained in a court of equity. This principle is undoubtedly correct, and is fully conceded by Judge Overton in Townsend vs. Shipp’s heirs, Cooke’s Rep. 300, and is not denied by Judge Whyte in Nelson vs. Allen and Harris, 1 Yer. Rep. 383. The only difference of opinion in those two cases is, as to the extent of relief a court of equity would give a party who had made improvement’s on another man’s land. In the case of Townsend vs. Shipp, the court held, that if one take possession of land under a title believ *479 ing the land to be bis own, and under that belief makes im~ provements, equity would interpose in favor of such innocent possessor, and enjoin the claimant from taking possession, until by the rents and profits the improver could compensate himself for his labor. Cook’s Rep 299. This principle, Judge Whyte, in Nelson vs. Allen and Harris, utterly repudiates and insists that equity will not sustain a bill for improvements by the occupant, whether he have or have not notice of the true owner’s title — that no case showing such a precedent can be found, and that the court in Townsend vs. Shipp, were in error upon this subject, in following the civil law writers, who he says are not authority in our law, but are cited only as an ornament to discourse, when they agree with the law. But Judge Whyte admits that courts of equity in decreeing in favor of the owner for the rents and profits under special circumstances, will fix the time from which the account shall be taken, so as to compensate the possessor for improvements* This, he says, is not on account of any meritorious claim in the possessor, but by way of substraction from the plaintiff1 for neglect or default.
Take this to be the true principle upon which a court of equity acts, and it would follow, that as the possessor would be entitled under particular circumstances to a diminution of the recovery for rents and prq|its, the legislature might give him an action to recover that directly, which a court of equity would indirectly award. But although we cannot concur in the principle laid down by the court in Townsend vs. Shipp before referred to, to the whole extent there assumed, still we think the grounds assumed by judge Whyte are too restricted* At the last term of this court in the case of Jones and others vs. Perry and others, 10 Yer. Rep.* it was determined that Perry and Wheeler should be entitled to such improvements as bettered the condition of the estate, provided the value thereof did not exceed the value of the rents and profits. Further than this we are not disposed to go, and therefore, we are not of opinion that compensation *480 for improvements beyond the value of the rents and profits can be recovered. Taking the above principle as the ground of decision, it follows, that although the acts of assembly under consideration are not unconstitutional to the whole extent of their provisions, still the plaintiff was not entitled to recover in this action. The proof is, that before he made his entry and before he improved the land in this case, he had notice of Holliday’s title. If, therefore, Holliday 'had filed a bill for rents and profits, McKinly would not have been entitled to any diminution of the decree to be made by reason of his improvements.
Upon the whole, if the court had charged the jury according to the principles established in this opinion, the verdict ought to have been for the defendant, and therefore the court will not reverse the judgment when another trial will produce the same result.
Judgment affirmed.

 Ante page 59.